CHRISMAN-SAWYER BANKING COMPANY, Respondent, v. ROYAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 17, 1897.

Appellate Practice: INSURANCE: CONTRACT: INSTRUCTIONS: VERDICT. Where the issue is whether a contract of insurance was made, and the instructions of the trial court properly told the jury what is necessary to make a binding contract of insurance, and placed the burden of proving such contract on the plaintiff, and the jury return a verdict on conflicting evidence, the appellate court is bound to affirm the judgment.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) The court erred in giving instruction number 1 for plaintiff. This instruction makes the delivery of the policy and the acceptance of the premium after loss evidence (in part) of a contract. Clearly there was no valid delivery. The agent testifies that the policy was delivered because of the threats of Woodson. The delivery was wholly without authority of the principal, and was known to be so by Woodson. (2) Defendant's instruction number 1 should have been given. The circumstances under which the policy was delivered were such that the company, which was not a party to it, should not be prejudiced in its rights thereby. An agent's unauthorized or unlawful act can not bind his principal. (3) Defendant's instruction number 3 should have been given. One phase of the evidence in the case might have warranted the jury in concluding that Sea agreed to bind the risk on February 17, but that the same should not be further bound beyond the moment of its rejection by the company. There was abundant evidence to warrant the submission of this question to the jury. It was error not to do so. (4) There is no evidence to support the verdict rendered.

*Flournoy & Flournoy* for respondent.

(1) Counsel for appellant misapprehends the meaning and effect of respondent's instruction number 1. It does not make "the delivery of the policy and the acceptance of the premium after loss evidence (in part) of a contract;" although those facts were evidence that strongly tended to show there was a contract, but it requires the jury to believe that the policy was delivered and the premium accepted before they could find for respondent, which was more than was necessary to establish respondent's case. Under the

evidence respondent would have been entitled to recover even if no policy had been actually written, and even if after it had been written agent Sea had refused to give it to agent Woodson when he called for it. (2) To have given appellant's instruction number 1 would have been gross error. That instruction would have told the jury that the fact that the policy was delivered and the premium paid after the fire had no tendency to prove that appellant was liable on the policy, and that the jury could not consider such facts in arriving at their verdict. (3) As to the third point, we can not think that appellant's counsel are serious in their contention, because we know they are able lawyers and good dialecticians. There was no evidence at all upon which to base that instruction; no effort made by any one at the trial to produce any such evidence, and no such evidence could have possibly been produced, or even imagined. That instruction would have told the jury that, although they might believe from the evidence that agent Sea agreed that the policy of insurance written should be regarded as a binding policy of insurance from noon on February 17, yet the finding should be for defendant.

GILL, J.—This is an action on an insurance policy made to the Independence Wool Manufacturing Company, and by it assigned to the plaintiff after the property had been destroyed by fire. The sole question tried below was whether or not there was a contract of insurance. Plaintiff had a verdict and judgment in its favor and defendant appealed.

This appeal is without merit. As already stated the case turns upon one main question of fact, and that is, was there a contract or agreement to insure. The Wool Manufacturing Company was represented by an agent, who on Febru-

STATEMENT.

ary 17, 1896, went to the office of defendant's agent at Independence, and, if the manufacturing company's agent is to be believed, he entered into a positive binding contract with the defendant's agent to insure the property belonging to the manufacturing company in the sum of $1,250 the policy to take effect at noon on said February 17, 1896, and to terminate at noon February 17, 1897; that defendant's agent agreed to take the risk at a certain rate, and that he would write up the policy which it was understood should be called for shortly by the assured; the policy was written and was in the possession of the defendant's said agent a few days thereafter (February 22, 1896) when the fire occurred. At that time, however, the agent of the insured called on the defendant's agent, paid the premium and took the policy. The defendant's agent gave a somewhat different statement of the matter. He, in effect, testified that while he agreed to write the insurance it was yet understood that the risk should be referred to the defendant's home office for its rejection or approval—in other words that it was a conditional insurance; that he subsequently delivered the policy before he had heard from the defendant and then because threatened by the manufacturing company with a lawsuit, etc.

The evidence on defendant's behalf also tended to prove that when the risk was reported by its agent he was at once written to take up or cancel the policy. This communication, however, was not received by defendant's agent until after he had delivered the policy.

After the evidence was all in, the court by fair and proper instructions submitted the issue to the jury, who it seems gave credit to the testimony of the agent for the insured, and found that a contract was entered into as detailed by him, that the policy was

APPELLATE practice: insurance: contract: instructions: verdict.

delivered in pursuance thereof, and hence found for plaintiff. We have carefully examined these instructions and fail to discover any error. They clearly declared the law, imposing the burden of proof on the plaintiff where it properly belonged, telling the jury what was necessary to make a binding contract, etc., and we are therefore bound to affirm the judgment. It is so ordered. All concur.